IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATHANIEL YOUNG                                                                                     PLAINTIFF

v.                                   Civil No. 13-2077

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Nathaniel Young, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income under Title XVI of the Social Security Act (hereinafter "the Act"), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff applied for SSI on February 18, 2011. (Tr. 11.) Plaintiff alleged an onset date of January 1, 2009 due to Hepatitis C, hand injury, back injury, learning disability, anxiety, and depression. (Tr. 11, 198.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on January 24, 2012. (Tr. 27.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Monty Lumpkin. (Tr. 27.)

At the time of the administrative hearing, Plaintiff was 29 years old, and possessed a high school diploma. The ALJ listed no past relevant work experience in the decision. (Tr. 19.)

On February 16, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: "discomfort in the left hand preventing prolonged use of the left hand in heavy work; a

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

history of long-term severe substance abuse in reported remission; and a personality disorder." (Tr. 13.) The ALJ found that Plaintiff retained the residual functional capacity "to perform medium work, except he cannot perform heavy work with his left hand. Nonexertionally, the claimant has limited educational capabilities but is able to perform work in which interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and use of little judgment; and the supervision required is simple, direct, and concrete. He can perform only work that does not require a high quota or is fast-paced." (Tr. 15.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as industrial cleaner, hand packer, video rental clerk, traffic flagger, and courier. (Tr. 20.)

Plaintiff requested a review by the Appeals Council on February 29, 2012. (Tr. 6.) The Appeals Council declined review on February 15, 2013. (Tr. 1.)

**II.     Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

AO72A
(Rev. 8/82)

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff raises four issues on appeal: 1) the ALJ's Step 5 finding is in error because the hypothetical question presented to the VE is not consistent with the ALJ's RFC assessment; 2) the ALJ erred by limiting the Plaintiff to medium work but then limiting him to heavy work with his injured hand; 3) the ALJ erred at Step 2 because he failed to find that Plaintiff's lumbar degenerative disc disease, left lower extremity radiculopathy, cervical compression fracture, and cervical degenerative disc disease were severe impairments; and 4) the ALJ erred by failed to fully and fairly develop the record regarding

3

Plaintiff's intellectual functioning. (Pl.'s Br. 7-11.) Because this Court finds that the ALJ failed to fully develop the record as to Plaintiff's Physical RFC, the other issues will not be addressed.

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000); *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Nevland*, 204 F.3d at 858.

In this case, there are three physical function reports from three different physicians in the record. The ALJ either discredited or failed to discuss all three. Thus, the ALJ appears to have formulated the physical portion of Plaintiff's RFC based upon his own inferences from the general medical reports. Further, the ALJ's RFC differs significantly from those function reports.

Plaintiff was seen for a consultative examination by Dr. Magness on February 2, 2009. (Tr. 494.) Dr. Magness assessed severe limitations in lifting and carrying, moderate to severe limitations in handling, and moderate limitations in walking and standing. (Tr. 17, 496.) The ALJ gave Dr. Magness's opinion "little weight." (Tr. 17.)

Plaintiff's treating physician, Dr. Van Hoang, completed a function report on November 17, 2009. At that point he had been treating Plaintiff since October 2007. (Tr. 298.) He indicated that the Plaintiff's symptoms were severe enough to interfere with attention and concentration, and his ability to tolerate work stress. He noted that he would need to take unscheduled breaks during an 8 hour working shift, and would miss about one day per month. He noted that the Plaintiff could not use his left hand for repetitive pulling or fine manipulation. (Tr. 298.) The ALJ gave this report weight only to the extent that it was consistent with the ALJ's RFC. (Tr. 17.)

Nonexamining Agency physician Dr. Lucy Sauer completed an Agency Physical RFC form on April 22, 2011. At this time, the pain and ADL forms were not available to her. (Tr. 662.) Dr. Sauer assessed a "Light RFC." (Tr. 662.) After the pain and ADL forms were available, she affirmed the "Light RFC" on April 28, 2011. (Tr. 667.) The ALJ did not discuss Dr. Sauer's report in his opinion.

As noted above, the ALJ assessed a Medium Physical RFC, except he cannot perform heavy work with his left hand.

If the ALJ did not find any of these three function reports from three different physicians to be reliable, he had a duty to order another Physical RFC to be completed by either Plaintiff's treating physician or a consultative examiner. He did not do so. Therefore a remand is necessary.

On remand, the ALJ is directed to order a consultative examination with an orthopedic specialist in order to fully assess Plaintiff's musculoskeletal issues. That specialist must complete a Physical RFC form. Once that information is provided, the ALJ is further directed to present that updated information in hypotheticals to the VE, either in person or by interrogatory.

### IV. Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of May 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)